

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-1570
Re: Method of selling school land
of Thrall Independent School
District

By your letter of October 10, 1939, you request the opinion of this department concerning the correct procedure to be followed by the Thrall Independent School District in the sale of certain land which was formerly used for school purposes but which is no longer needed for such purposes. Specifically you submit for the opinion of this department the following questions, which we quote:

"1. Will a deed executed by the president of the school board, attested by the secretary, and to which the corporate seal of said district is affixed, and authorized by a resolution passed by the unanimous vote of said board convey fee simple title to one of the tracts of land to a person who is a member of the board?

"2. Will a similar deed, authorized by a similar motion, convey fee simple title to the other tract of land to a person who is not a member of the board?

"3. Will it be necessary in order to pass title to such property for the Commissioners' Court of Williamson County to enter an order authorizing such sale?

"4. Will it be necessary for the County

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable H. A. Hodges, Page 2

Board of Education, which exercises the same
powers in this county that county school trus-
tees exercise in other counties, to pass any
kind of resolution authorizing such sale?

"5. Will it be necessary for the State
Board of Education to pass or adopt any kind
of resolution or other action authorizing such
sales?

"6. If a deed executed in the manner
and authorized by a resolution as mentioned in
the above questions 1 and 2 will not convey
title to said tract of land to such purchasers,
please advise me how title to such land may be
acquired by such purchasers."

The Thrall Independent School District in
Williamson County was created by special act of the
Legislature, Special Laws of Texas, 1923, 38th Legislature,
Chapter 74, p. 255, which became effective on April 4, 1923.

Among other things this Act provided that the new
independent school district would include all of the terri-
tory of the Thrall Common School District No. 21; that it
would take over all of the assets and liabilities of the
said common school district; and that the new independent
district should "have and exercise all the rights, powers,
duties and privileges of a town or village created and
incorporated under the general laws of Texas for school
purposes only, and all of the rights, powers, duties and
privileges now existing, or that may be hereafter conferred
upon independent school districts under the Constitution
and laws of this state."

Section 9 of this Act reads as follows:

"The Board of Trustees of the Thrall In-
dependent School District shall manage and
control the public free schools in the said
district, to the exclusion of every other
authority, except, in so far as the State Super-
intendent of Public Instruction and the State

7

Board of Education may be vested with supervisory authority, under the general law."

It is further provided in Section 25 that this Act shall be cumulative, of all general laws, regulating, governing and pertaining to independent school districts, and in so far as such general laws are not in conflict herewith; the same shall be construed and considered as a part hereof.

Two statutes in Texas provide for the sale of school property. They are Articles 2753 and 2773, R. C. S., 1925. The latter statute reads as follows:

"Article 2773. Any houses or lands held in trust by any city or town for public free school purposes may be sold for the purpose of investing in more convenient and desirable school property, with the consent of the State Board, by the board of trustees of such city or town; and, in such case, the president of the school board shall execute his deed to the purchaser for the same, reciting the resolution of the State Board giving consent thereto and the resolution of the board of trustees authorizing the sale."

As pointed out in R. B. Spencer and Company vs. Brown, et al (Civ. App. 1917) 198 S. W. 1179, and as pointed out in two previous opinions rendered by this department, Article 2753 applies only to sales of land by common school districts, while Article 2773 applies to sales of land by independent school districts.

The two opinions referred to above are: (1) An opinion by Clark C. Wren, Assistant Attorney General, to Honorable Eugene J. Wilson, County Attorney, Bay City, Texas, dated September 10, 1936; (2) an opinion by Cecil C. Cammack, Assistant Attorney General, to Mr. E. W. Easterling, County County, Jefferson County, Beaumont, Texas, dated April 25, 1939, and numbered O-415.

As you will note, the above quoted statute provides that houses or lands of a district may be sold for the purpose of investing in more convenient and desirable school property. That is the only purpose provided for in the statute, and the question arises whether or not school

houses or lands may be sold for any other purpose by independent school districts.

Numerous decisions both in Texas and in other jurisdictions point out that school districts are corporations with very limited powers.

"School districts are public quasi municipal corporations, sometimes termed 'involuntary corporations' . . . They may make contracts, levy taxes and possess property. They are organized not for the purpose of profit or gain, but solely for the public benefit, and have only such limited powers as may be necessary for that purpose. They have therefore been said to be corporations of the most limited powers known to the world. Pasadena School District vs. Pasadena, 166 Cal. 7, 134 Pac. 985, Ann. Cas. 1915b 1039, 47 L. R. A. (NS) 892. They are but the agents of the state for the sole purpose of administering the state system of public education, and have only such powers as are conferred expressly or by necessary implication." 24 R. C. L. 564, Sec. 7.

The case of Harlingen Independent School District vs. Page Brothers, 48 S. W. (2d) 983, by the Texas Court of Civil Appeals, uses language very similar to that quoted above from Ruling Case Law. We quote:

"The board of trustees possesses powers expressly conferred upon it by law or necessarily implied from the powers so conferred."

The Court in Royse Independent School District vs. Reinhardt, 159 S. W. 1010, by the Court of Civil Appeals, uses this language:

"Since a board of education is the creature of statute, it has only such powers as are conferred upon it and such implied powers as are necessary to execute such express powers."

Corpus Juris points out that property devoted to a public use can only be disposed of by express authority, and a general power of disposition has been held to be restricted to property not needed for the use of public schools. 56 Corpus Juris 437, Sec. 417. This authority states that the sale must be made in compliance with the terms of the statute authorizing it, but that substantial procedural compliance is sufficient.

We wish to stress the fact that all of these authorities hold that school boards have only the express authority given them in the statutes and only such implied powers as are <u>necessary</u> to execute such express powers. There is no use of the words "reasonably necessary for the carrying out of express powers" as is usually the case with regard to powers of other corporations.

The general rule in the case of ordinary private corporations is that the corporation has such implied powers as are reasonably necessary to carry out its express powers -- not <u>necessarily implied</u> but <u>reasonably implied</u>.

Under the weight of these authorities, we are impelled to hold that independent school districts may dispose of property no longer needed for school purposes only if it is necessary to do so to acquire other property which is more suitable. You state in your letter that Thrall Independent School District has no such objective in desiring to make this sale. It is our opinion that it cannot sell this property for the purpose of putting the proceeds in the local maintenance fund of said district.

We believe that the quoted Article 2775 answers your questions numbered 3, 4 and 5. Under this article, and under the provisions of the act creating the district above quoted, it is not necessary for the Commissioners' Court of Williamson County to enter an order authorizing the proposed sale, nor is it necessary for the County Board of Education, unless it in fact is the Board of Trustees of the Thrall Independent School District, to pass any kind of resolution authorizing it, but it is necessary for the State Board of Education to adopt a resolution authorizing such sale. We believe that this article also

Honorable H. A. Hodges, Page 6

provides the answer to your question No. 6.

If the provisions of Article 2773 are followed, assuming, of course, that fee simple title is in the Board, such title may be conveyed to a person who is not a member of the school board. This answers your question No. 2. The only remaining question to be answered therefore is your question No. 1.

It is pointed out in Thompson vs. Elmo Independent School District (Civ. App. 1925) 269 S. W. 868, and in Royse Independent School District vs. Reinhardt, supra, that independent school districts are local public corporations of the same general character as municipal corporations but for school purposes only.

In Woods vs. Potter, 8 Cal. 41, 95 Pac. 1125, it is held that members of city councils occupy a position of trust and are bound to the same measure of good faith toward their constituents that a trustee is to his cestui que trust. This court states:

"The mere fact that a member of such body acts as such in connection with any matter in which he is interested vitiates the transaction . . . It will be presumed that under such circumstances self interest prevents the member from protecting the rights of the public against his own." Woods v. Potter, supra.

To the same effect, see McQuillen on Municipal Corporations, Sec. 1242.

You are, therefore, advised that a member of the Board may not buy the land and that the proper procedure to be followed by the Board of Trustees of the Thrall Independent School District in selling property no longer needed for school purposes is that set out in Article 2773 (R. C. S., 1925), which in effect provides:

The Board of Trustees must meet and adopt a resolution, evidencing their decision to sell the land; then the consent of the State Board must be secured and

this evidenced also by a resolution; and finally the President of the Board of Trustees of the Thrall Independent School District must execute the deed to the prospective purchaser, and the deed must recite the resolutions of both the Thrall Independent School District Board and the State Board. The resolution by the local and State Boards should recite the purpose for making the sale, since such sale would be valid only if the land was sold with the object of buying other school land.

                                        Yours very truly

                                ATTORNEY GENERAL OF TEXAS

                        By   Robert E. Kepke
                                   Robert E. Kepke
                                   Assistant

RKK:BT


APPROVED OCT 23, 1939

ATTORNEY GENERAL OF TEXAS


APPROV
OPINIC
COMMIT